UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALLEN B. GOTTLIEB,

                         Plaintiff,

-against-

SECURITIES EXCHANGE
COMMISSION,

                         Defendant.

------------------------------------------------------------X

ORDER

12 Civ. 4082 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff moves for reconsideration of the May 21, 2012 order of United States District Court for the Southern District of Florida transferring this matter to this district. The Court denies the Motion for the reasons set forth below.

## BACKGROUND

In 1998, the Securities Exchange Commission filed an action against Allen Gottlieb and others for securities fraud for engaging in a prime bank scheme. See SEC v. Stewart, No. 98 Civ. 2636 (S.D.N.Y. 1998).[1] Judgment was entered against Gottlieb, and the Court of Appeals affirmed, SEC v. Stewart et al., 88 Fed. Appx. 476, 477-78 (2d Cir. 2004).

Gottlieb then brought an action against the SEC. See Gottlieb v. SEC, No. 05 Civ. 2401 (S.D.N.Y. Feb. 27, 2007). The Court denied relief, and the Court of Appeals affirmed, Gottlieb v. SEC, No. 07-2389-cv (2d Cir. Sept. 21, 2009). After Gottlieb repeatedly brought post-

---

[1] Prior to the SEC action, judgment was entered against Allen Gottlieb in an action under the Racketeering and Corrupt Organizations Act ("RICO") in Morgan et al. v. Gaind et al., No. 96 Civ. 6336 (LAP) (S.D.N.Y. Dec. 22, 1998). It was affirmed on appeal, Morgan et al. v. Gaind et al., 99-7105-cv (2d Cir. Nov. 1999), Gottlieb's subsequent motions for reconsideration were denied, and the Court of Appeals affirmed the denial of reconsideration, Morgan et al. v. Gaind et al., 10-2665-cv (2d Cir. Mar. 26, 2012).

judgment motions, the Court enjoined him from making further filings in Nos. 05 Civ. 2401 (LAP) or 98 Civ. 2636 (LAP), and the Court of Appeals upheld this injunction on appeal. See Gottlieb v. SEC, 420 Fed. Appx. 59, 60 (2d Cir. 2011). The Court recently permitted Gottlieb to file further a motion for reconsideration in Gottlieb v. SEC, No. 05 Civ. 2401 (LAP), but denied it on August 15, 2012.

On February 6, 2012, Gottlieb brought a civil rights action against the SEC in the United States District Court for the Southern District of Florida. See Gottlieb v. SEC, No. 12 Civ. 10009 (S.D. Fl.). The SEC moved to dismiss, *inter alia*, on the ground that the Complaint was barred by *res judicata*. In the alternative, the SEC asked that the matter be transferred to this Court. In response, Gottlieb sought leave to amend the Complaint; his proposed Amended Complaint added 13 individuals and 20 John and Jane Doe employees or agents of the SEC but did not name the SEC as a defendant. After weighing the factors informing transfer decisions under 28 U.S.C. § 1404(a), the United States District Court for the Southern District of Florida granted Defendant's motion to transfer the matter to this Court and held that any pending motions, including Plaintiff's motion to amend the Complaint, were denied as moot.

Because the case in the Southern District of Florida was closed and transferred to this Court, Gottlieb then filed this motion for reconsideration in this Court. He contends that the Amended Complaint that he sought to file in the Southern District of Florida is not related to any of the prior actions in the Southern District of New York. He further argues that he has not previously filed suit against the thirteen individuals named in the proposed Amended Complaint.

## DISCUSSION

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)

2

(noting that "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation"). Under the doctrine of law-of-the-case, once a court has made a legal determination, that decision should continue to govern the same issues through subsequent stages of the same case. See id. Although this practice is discretionary, as a rule courts should be loathe to revisit prior decisions of a coordinate court in the absence of extraordinary circumstances. See id.

In this Circuit, the grounds that would justify reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. National Mediation, 956 F.2d 1245, 1255 (2d Cir. 1992). Plaintiff fails to present any justification for revisiting the discretionary decision by the Southern District of Florida to transfer this matter under 28 U.S.C. § 1404(a). Plaintiff argues essentially that the Southern District of Florida should have granted him leave to amend the Complaint and then concluded that the Amended Complaint was not related to the prior actions in this Court because he had named SEC employees but not the SEC itself. Plaintiff fails to show any clear error or manifest injustice in the Southern District of Florida's decision to analyze whether to transfer under § 1404(a) and then to deny the motion for leave to amend as moot. Plaintiff's motion for reconsideration of the May 21, 2012 order of United States District Court for the Southern District of Florida transferring this matter to this Court is therefore denied.

3

## CONCLUSION

Plaintiff's motion for reconsideration is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated: August 29, 2012
New York, New York

LORETTA A. PRESKA
Chief United States District Judge